Clare J. Hoyt, J.
This is a motion by the Attorney-General of the State of New York, who has intervened by order of the court, to dismiss the petition which seeks to enjoin respondent from making payroll deductions against certain teachers pursuant to a determination by respondent’s Superintendent of Schools under section 210 of the Civil Service Law that they had engaged in a strike in June of 1969. The petition alleges that section 210 of what is known as the Taylor Law is unconstitutional both with respect to its provisions for payroll deductions and in its entirety.
The allegation that the entire statute is unconstitutional is based upon petitioners’ contention that the prohibition against strikes by public employees infringes upon their rights to free association and speech, and equal protection.
Petitioners’ claim to denial of equal protection because of disparate treatment between public and private employers has been passed upon and rejected (Rankin v. Shanker, 23 N Y 2d 111; City of New York v. De Lury, 23 N Y 2d 175).
Similarly, section 210 of the Civil Service Law cannot be said to infringe upon the petitioners’ rights of free association and speech. The ability to strike is not essential to the right of association and it is certainly subordinate to the right of the State to prohibit such activity, this latter right having been repeatedly upheld by the courts (City of New York v. De Lury, supra; Matter of Di Maggio v. Brown, 19 N Y 2d 283; Pruzen v. *275 Board of Educ. of City of N. Y., 9 N Y 2d 911). The fact that the prohibition is against all strikes by public employees without classification among various public employee groups does not affect the constitutionality since it is within the State’s power to determine that all strikes by public employees are harmful without distinguishing between them as to degree (see United Pub. Workers v. Mitchell, 330 U. S. 75).
That section 210 also prohibits employees from instigating, encouraging, or condoning a strike is not grounds for holding that the statute is unconstitutional in this case. There is no claim here that the petitioners’ rights of free speech have in any way been restricted. Even if this prohibition were construed to be violative of free speech, it would not affect the statutory prohibition against strikes.
Petitioners further argue that their right of association is made meaningless by the fact that the school board is both negotiator and ultimate arbiter of disputes arising out of negotiation. This contention raises an arguable question. There are, however, procedures set forth in the Taylor Law designed to bring about the settlement of disputes. If these procedures fail to resolve the conflict then and only then does the statute empower the legislative body, in this case the school board, to take such action as it deems to be in the public interest, including that of the employees. It cannot be said, therefore, that the determination of the Legislature that the school board should have this power at this stage of the proceedings is an unreasonable one nor that the petitioners ’ right of association is thereby made meaningless.
The allegation that the provisions of section 210 for payroll deductions are unconstitutional is based upon petitioners’ contention that, in authorizing payroll deductions of two days’ pay for each day the employee is found to have engaged in a strike, the provisions operate as a bill of attainder and deprive the petitioners of property without due process of law. This contention is without merit. The statute requires that written charges be served upon each teacher who is found by the chief executive officer, i.e., the Superintendent of Schools, to have engaged in a strike. The accused employee may then object to such determination by filing with the chief executive officer an affidavit and supporting proof. The chief executive officer then determines whether to uphold the employee’s objection, to dismiss it, or to refer it to a hearing officer for determination. Any determination against the employee by either the chief executive officer or the hearing officer is reviewable in an article 78 proceeding. These procedures constitute sufficient due process and, *276 as stated in Matter of Di Maggio v. Brown (19 N Y 2d 283, 287) concerning the Condon-Wadlin Act, predecessor to the Taylor Act, ‘ ‘ it cannot reasonably be said that the law constitutes a bill of attainder, ‘ a legislative act which inflicts punishment without a judicial trial ’.” The motion to dismiss is therefore granted.