Robert O. Brink, J.
The above-named petitioners have applied to this court in an article 78 proceeding for an order *282 and judgment enjoining and restraining the respondent Board of Education of the Vestal Central School District from making payroll deductions pursuant to a determination made by the Superintendent of Schools of the respondent under section 210 of the Civil Service Law of the State of New York (Taylor Law) and for such other relief as the court might deem proper.
The decision of the Superintendent of Schools is attacked upon two grounds: 1. That the notice sent to the teachers in the form of a letter did not comply with the requirements of article 14 of the Civil Service Law and article 2. That although the Taylor Law has generally been held by the courts of this State to be constitutional, subdivision 2 (pars, [a] through [h]) of section 210 which provides for payroll deductions to striking teachers in the amount of twice the daily rate of pay for each day involved in a violation of the statute, is unconstitutional. In this court’s opinion, the letter sent to the teachers by the Superintendent of Schools set forth as Exhibit A in petitioners ’ moving papers, substantially complied with the statute and was sufficient.
Although the Court of Appeals has passed upon the constitutionality of the Taylor Law (Board of Educ. of City of N. Y. v. Shanker, 54 Misc 2d 941, affd. 29 A D 2d 634 [1st Dept., 1968]; City of New York v. De Lury, 23 N Y 2d 175 [1969], app. dsmd. 394 U. S. 445), this court will direct its consideration to the contention of the petitioners that section 210 of the Civil Service Law insofar as it relates to payroll deductions against striking teachers, is unconstitutional.
It is the contention of the petitioners that this particular provision of the statute is unconstitutional in that 1. It violates the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York, without a hearing, and deprives petitioners of property without due process of law; 2. That it violates prohibitions against involuntary servitude within the meaning of the Thirteenth Amendment to the United States Constitution and the New York State Constitution; 3. That it violates the Fourteenth Amendment of the United States Constitution and the New York State Constitution by authorizing fines against only public employees thereby depriving petitioners of the equal protection of the law; 4. That it is unconstitutional as constituting a bill of attainer; 5. That it improperly delegates uncontrolled legislative powers upon the chief executive officer; 6. That it pre-empts freedom of speech, assembly and protection; 7. And, unjustly interferes with the freedom of public employees to enter into contracts with their employers. In the court’s opinion, all of the *283 objections raised by the petitioners except the first one were answered by the Court of Appeals in Matter of Di Maggio v. Brown (19 N Y 2d 283 [1967]), which was a decision under the Condon-Wadlin Act. By analogy, this case is applicable to the claims made by the petitioners in this proceeding.
As to the first point raised as to the constitutionality of this statute, to wit: the denial of due process of law, it is necessary to examine the statute in some detail. Section 210 (subd. 2, par. [h]) of the Civil Service Law provides that where an employee has been determined to violate the statute, and has received notice, he may file an affidavit supported by documentary proof to show that the determination was incorrect. The statute further provides that if the chief executive officer shall determine that the affidavit and supporting proof raise a question of fact which would exonerate the employee, he shall appoint a hearing officer to determine whether in fact the employee did violate this subdivision. In the opinion of this court, the statute requires the chief executive officer to appoint a hearing officer for the purpose of holding a hearing if there is an issue of fact. If there is no issue of fact, a hearing would not be necessary because it would be apparent that no justification for a violation of the statute has been presented by the employee. Furthermore, the statute specifically provides in subdivision 4 of section 210 that orders made pursuant to this statute are reviewable by the court in an article 78 proceeding. Under these circumstances, it is difficult to arrive at a conclusion that the employee is denied due process. Mr. Justice Hoyt has taken a similar position in Matter of Zeluck v. Board of Educ. of City School Dist. of City of New Rochelle (62 Misc 2d 274) in a decision dated January 6, 1970.
It is the decision of this court that the petition in the above proceeding should be dismissed and judgment granted in favor of respondent.