John J. O’Brien, J.
Petitioners in this article 78 proceeding seek a judgment declaring a penalty deduction from their salaries as teachers to be void. The deduction in question was made pursuant to the provisions of subdivisions 1 and 2 of section 210 of the Civil Service Law which prohibits strikes by public employees. Eespondents cross-move to dismiss the petition.
On October 29, 1970, respondent John Connolly (hereinafter referred to as Connolly), who is Superintendent of Schools and chief executive officer of the respondent school district, sent a letter by certified mail to each of the petitioners. The letters contained a notice of determination by Connolly that certain of the petitioners had engaged in an illegal strike on September 8, 1970, that certain other petitioners had engaged in an illegal strike on September 11, 1970, and that all other petitioners had engaged in an illegal strike on both September 8 and September 11, 1970. On November 17, 1970 all of the petitioners submitted similar affidavits to Connolly to the effect that they had not engaged in an illegal strike on September 8, 1970. On December 9, 1970, Connolly sent a letter to petitioners setting forth his findings that the affidavits submitted did not raise a question of fact and that they failed to establish that petitioners did not violate section 210 of the Civil Service Law. On the regular payday of January 8, 1971, respondents deducted from the earned salary of all petitioners a sum equal to 2/200 of their annual salary for each day that they were determined by Connolly to have been on strike. For purposes of this hearing, petitioners ’ attorneys have conceded on oral argument that a strike occurred in the school system on September 11, 1970.
*636 Petitioners contend that the penalty deduction on January 8,1971 was not made in accordance with the statute. Paragraph (g) of subdivision 2 of section 210 of the Civil Service Law specifically provides that payroll deductions are to be made ‘ ‘ not earlier than thirty nor later than ninety days following the date [of the determination that a violation of section 210 had occurred] ”. Several decisions (apparently unreported) indicate that this section is to be given a strict construction. (Matter of Weymer v. Board of Educ. of Connetquot School Dist. No. 7, Sup. Ct., Suffolk County, decision of Justice Frank P. DeLuca, dated March 30, 1971, Index No. 71-307; Matter of Wilson v. Board of Educ., Union Free School Dist. No. 23, Town of Oyster Bay, Sup. Ct., Nassau County, decision of Justice Lynne, dated June 16,1970, Index No. 5893/70). Petitioners in the instant case argue that Connolly had made the determination required by paragraph (d) of subdivision 2 of section 210 of the Civil Service Law, prior to October 1, 1970 and therefore the payroll deductions made on January 8, 1971 were illegally made since more than 90 days had elapsed from the date of determination. Petitioners base their argument relative to the time of determination on certain testimony given by Connolly at a PEKB hearing held on January 21,1971. A careful reading of the testimony of this hearing, however, indicates that following the incidents of September 8, 1970 and September 11, 1970, Connolly, with the assistance of the school attorney and other officials, gathered together the evidence necessary for him to make the determination. While he may have come to some tentative conclusions in his mind prior to sending the letters to petitioners on October 29,1970,1 do not find that the determination required by the statute was made until Connolly gave notice to petitioners by letter on October 29, 1970. To hold otherwise would mean that evidence would be required in each case to arrive at the precise time when the chief executive officer arrived at a decision in his mind as to the dates of the violations and the names of those involved. I do not believe that this was intended by the Legislature. Therefore, the financial penalties withheld on January 8, 1971 for the strike which admittedly occurred on September 11,1970 were proper and the action of respondents in this regard is affirmed.
Petitioners also contend that respondents applied section 210 of the Civil Service Law in an unconstitutional manner by denying petitioners a hearing following submission of affidavits by petitioners on November 17, 1970. The constitutionality of the penalty provisions of section 210 of the Civil Service Law has been upheld in a situation where adequate notice was pro *637 vided by the chief executive officer to each employee and where the employees did not attempt to utilize the administrative review procedures provided for in the same statute. (Matter of Lawson v. Board of Educ. of Vestal Cent. School Dist. No. 1, 62 Misc 2d 281, affd. 35 A D 2d 878 ; also, see, Matter of Zeluck v. Board of Educ. of City School Dist. of City of New Rochelle, 62 Misc 2d 274.) In the instant proceeding petitioners seek to narrow the issue of constitutionality to the specific question of a denial of hearings when hearings are requested in connection with a showing of factual issues. Petitioners’ argument on this point rests on the premise that the affidavits submitted by the various employees on November 17, 1970 were sufficient to raise issues of fact. An examination of a sampling of these affidavits submitted with the petition herein, reveals that they are more or less standard statements in which each deponent states in substance that he or she reported for work at the customary time on September 8, 1970, performed all professional services required by school authorities on that date and did not terminate his or her professional duties until the normal departure time. In certain cases where school authorities had allegedly granted permission to some of the petitioners to be absent for part or all of the day for various legitimate reasons, that fact is duly noted on the affidavit. The statute specifically provides that the affidavit shall be subject to the penalties of perjury. (Civil Service Law, § 210, subd. 2, par. [h].)
In my opinion the affidavits submitted by petitioners were sufficient to raise an issue of fact and under the statute the chief executive officer had a duty to appoint a hearing officer to determine if petitioners had in fact violated the statute. (Civil Service Law, § 210, subd. 2, par. [h].) I do not find that in order to be constitutional the statute requires a hearing in every case, but merely that on the evidence presented to me the petitioners were entitled to a hearing relative to the events which transpired on September 8,1970.
Accordingly, the respondent Board of Education is directed to pay to the petitioners the amount of the penalty and salary withheld from their salary on January 8,1971 which pertained to the alleged strike on September 8, 1970.