Joseph P. Kuszynski, J.
In this article 78 proceeding, the petitioners on behalf of themselves and all others similarly situated, seek judgment directing Henry J. Kalfas, School Superintendent, and the Niagara Falls Board of Education to return payroll moneys deducted on January 22, 1971 from the salaries of the petitioners which totaled approximately $150,000 and cancel the tenure forfeiture imposed because of absences due to a strike on September 8-11, 1970. These penalties were invoked under the terms of the Public Employees Fair Employment Act.
Under authority of CPLR 1012 (subd. [b]), the Attorney-General of the State of New York was permitted to intervene in this proceeding for the purpose of supporting the constitutionality of the statute under attack. It is the judgment of this court that the penalty provision of section 210 (subd. 2, par. [d]) of the Civil Service Law does not violate either the New York State Constitution or the United States Constitution. (Board of Educ. v. Shanker, 54 Misc 2d 941, affd. 29 A D 2d 634 ; City of New Tork v. De Lury, 23 N Y 2d 175, app. dsmd. 394 U. S. 455.)
The petitioners contend that there are 687 school teachers who are members of the class represented by the six individual petitioners in the two petitions filed with this court and this number constitutes a class so large as to make individual actions impractical.
*751 Where affidavits have been filed in opposition to a determination that a public employee has violated section 210 of the Civil Service Law, because of the various defenses advanced, the aggrieved employees must maintain individual article 78 proceedings. (Sudore v. Board of Educ. of City of Rochester, Brisco, J., Supreme Ct., Monroe County, Feb. 12, 1971.) It is conceded that none of the school teachers before this court either in an individual capacity, or on whose behalf a class action is sought to be maintained, have filed an objection and a demand for a hearing within 20 days as provided for under section 210 (subd. 2, par. [h]) of the Civil Service Law. Since a uniform factual situation exists and because of the exclusive available legal remedy of an article 78 proceeding identical rulings are mandated, therefore, this proceeding under CPLR 1005 is a proper class action brought in order to avoid a multiplicity of suits which would otherwise flood this court.
The petitioners contend that the penalty was unduly delayed before imposition and, therefore, there is a failure to adhere strictly to the procedure outlined in section 210 of the Civil Service Law. The notice under section 210 (subd. 2, par. [e]) of the Civil Service Law was dated and served November 2,1970, and the payroll penalties were applied on January 22,1971.
The petitioners urge upon this court that the payroll records dated September 18, 1970, a regular payday reflecting the teachers who were not paid for strike absences, should be the date when Superintendent Kalfas as the “ chief executive officer of the government involved” (§ 210, subd. 2, par. [d]) was obligated to make his determination and forthwith serve the required notice because no further investigation was necessary.
The threshold question before this court is whether a delay of 50 days between the final day of the strike (Sept. 11, 1970) and the date of service of the notice (Nov. 2, 1970) constitutes an unreasonable delay rendering such notice nugatory.
The reasonableness of the time interval has to be viewed in the light of the number of public employees involved and an examination of the procedure outlined in section 210 of the Civil Service Law.
The City of Niagara Falls has some 966 teachers in its school district with 17,000 pupils enrolled in its 21 elementary and 7 secondary schools. The time limitations, imposed by the' foregoing section upon the School Superintendent who is the official obliged to make the determination and serve the notices, have to be veiwed in the light of the complex problems facing such an official in a large city school district.
*752 The procedure outlined in section 210 of the Civil Service Law makes it clear that it was not intended that its sanctions are to be automatically invoked or hastily set in motion. Nevertheless, the language employed establishes that the ‘1 chief executive officer of the government involved ’ ’ is vested with discretion as to the nature, scope and extent of his mandatory investigation. The section in paragraph (d) of subdivision 2 states that, “he shall further determine on the basis of such further investigation and affidavits as he may deem appropriate ’ ’. There is no doubt that the ‘ ‘ determination ’ ’ must be grounded not only upon a finding that a violation occurred on a given date or dates but upon a further finding as to which public employees committed such a violation.
Finally, the petitioners’ argument that no further investigation was necessary because the payroll of September 18, 1970 could have served as the basis for the determination is untenable. These payroll records could not per se have served as the basis for the notice because this payroll had deductions for absences in addition to those made on account of the strike. The total number of “ dockings ” on that payroll was 737 of which 718 were determined by the investigation to be the result of strike action and those persons involved were served with the required notice. Of this number, 31 were excused after filing protests. The remaining 687 suffered the penalties outlined heretofore.
This court concludes that the determination was timely made, the notice was adequate as to both form and substance and the penalty applied on January 22, 1971 was within the statutory limitations,1 ‘ 30 days after but not later than 90 days following the making of a determination ’ ’.
The actions of respondents Superintendent Kalfas and the Niagara Falls Board of Education are in all respects upheld and the cross motions to dismiss the petitions made on their behalf are granted.