In the Matter of JEAN C. ST. PIERRE et al., Respondents-Appellants, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF MILTON, MALTA, BALLSTON and CHARLTON, et al., Appellants-Respondents.

Third Department, November 16, 1972.

*Sneeringer & Rowley* (*Richard R. Rowley* of counsel), for respondents-appellants.

*Harry W. Seibert, Jr.,* for appellants-respondents.

REYNOLDS, J. Cross appeals from a judgment of the Supreme Court, Saratoga County, granting petitioners' application, in a proceeding pursuant to article 78 of the CPLR, insofar as it sought a judgment declaring void the penalty deductions from their salaries made pursuant to the provisions of subdivisions 1 and 2 of section 210 of the Civil Service Law, which prohibits strikes by public employees and denied the application in all other respects.

On October 29, 1970 appellant John Connolly, Superintendent of Schools and chief executive officer of the appellant school district, sent a letter by certified mail to each of the petitioners, who are teachers in the appellant school district. The letters contained a notice of determination by Connolly that certain petitioners had engaged in an illegal strike on September 8, 1970, that certain other petitioners had engaged in an illegal strike on September 11, 1970, and that all other petitioners had engaged in an illegal strike on both September 8 and September 11, 1970. On or about November 17, 1970 all petitioners submitted similar affidavits to Connolly indicating that they had not engaged in an illegal strike on September 8, 1970. On or about December 9, 1970 Connolly sent a letter to petitioners setting forth his findings that the affidavits submitted did not raise a question of fact and that they failed to establish that petitioners did not violate section 210 of the Civil Service Law. On January 8, 1971 appellants deducted from the earned salary of all petitioners a sum equal to 2/200's of their annual salary for each day that they were determined by Connolly to have been on strike. Petitioners conceded on oral argument that a strike occurred in the school system on September 11, 1970.

The issues raised on this appeal are: (1) does section 210 of the Civil Service Law violate the Constitutions of either New York or the United States; (2) were the penalties imposed in compliance with the statutory time limitations set forth in paragraph (g) of subdivision 2 of section 210 of the Civil Service Law; (3) were petitioners entitled to a hearing prior to the

imposition of the penalty provisions of paragraph (g) of sub-division 2 of section 210 of the Civil Service Law; and (4) did Special Term properly direct appellants to pay petitioners the two-day salary penalty deduction, upon fiinding that the affidavits presented by petitioners raised a question of fact.

Petitioners' constitutional arguments have been raised and rejected in *Matter of Zeluck* v. *Board of Educ. of City School Dist. of City of New Rochelle* (62 Misc 2d 274, 275–276, affd. 36 A D 2d 615) and *Matter of Lawson* v. *Board of Educ. Vestal Cent. School Dist. No. 1* (62 Misc 2d 281, affd. 35 A D 2d 878, mot. for lv. to app. den. 28 N Y 2d 485, app. dsmd. 28 N Y 2d 993), and *Fuentes* v. *Shevin* (407 U. S. 67), *Goldberg* v. *Kelly* (397 U. S. 254) and *Sniadach* v. *Family Finance Corp.* (395 U. S. 337) do not require a change from these positions in the instant case. These cases are distinguishable in that all involved the protection of one group of private interests from another group of private interests. The instant case involves the protection of the public interest in " assuring, at all times, the orderly and uninterrupted operations and functions of government " (Civil Service Law, § 200), from the private interest of public employees who desire to extract concessions from public employers by use of the strike mechanism. All the other cases involved procedures where there was absolutely *no* provision of *any* type of prior notice or evidentiary hearing, whereas the instant case involves procedures which provide for notice (Civil Service Law, § 210, subd. 2, par. [e]) and a pre-penalty means of objection (Civil Service Law, § 210, subd. 2, par. [h]) before imposition of the two-day salary penalty for each day of unlawful activity (Civil Service Law, § 210, subd. 2, par. [g]).

As to whether the imposition of the penalties was within statutory time limitations of paragraph (g) of subdivision 2 of section 210 of the Civil Service Law, Special Term reasoned that the date of determination should be the date of formal notification, because it would be difficult in every case to determine when the actual decision that a strike occurred was made. We concur in this position since any other would be administratively unfeasible.

We also concur with Special Term's decision that the affidavits submitted by the petitioners were sufficient to raise a question of fact requiring a hearing, pursuant to paragraph (h) of subdivision 2 of section 210 of the Civil Service Law, as to their engagement in an alleged strike on September 8, 1970. However, we cannot agree that the appellants are required at this juncture to pay petitioners the two-day penalty deducted

because of the alleged September 8, 1970 strike. The proper remedy upon finding a question of fact was to order that the chief executive officer conduct the hearing on petitioners' objections, not to annul the salary penalty determination. To annul the penalty determination, Special Term would have to have found as a fact that the petitioners did not engage in a strike on September 8, 1970. However, all that was, in fact, or could have been found was that the affidavits submitted by petitioners were sufficient to raise an issue of fact concerning the events of September 8, 1970 to be determined at a hearing. To make the determination that petitioners did not engage in a strike on September 8, 1970, the hearing must be held. Accordingly, this portion of the judgment must be reversed. Nor can we agree with the petitioners' contention that, as a condition for holding a hearing, this court direct full disclosure by the Superintendent to petitioners of all evidence indicating that they took part in a strike on September 8, 1970, and all reports and investigation results obtained by the Superintendent. Such a direction by this court is inappropriate at this juncture because the Superintendent would not have the opportunity to present his reasons for failing to make a disclosure, if this court were to compel him to do so.

The judgment should be modified, on the law and the facts, by reversing so much of Special Term's judgment as annulled the salary penalty deduction of two days' pay for the strike which allegedly occurred on September 8, 1970, and proceeding remitted with the direction that a hearing be held by the chief executive officer for the purposes of determining whether a strike occurred on September 8, 1970, and, as so modified, affirmed, without costs.

STALEY, JR., J. P., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Judgment modified, on the law and the facts, by reversing so much of Special Term's judgment as annulled the salary penalty deduction of two days' pay for the strike which allegedly occurred on September 8, 1970, and proceeding remitted with the direction that a hearing be held by the chief executive officer for the purposes of determining whether a strike occurred on September 8, 1970, and, as so modified affirmed, without costs.