In the Matter of THOMAS J. SANFORD, Individually and on Behalf of All Others Similarly Situated, Respondent-Appellant, v. NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Appellants-Respondents. (Proceeding No. 1.)

In the Matter of JAMES WINKOWSKI, Individually and on Behalf of All Others Similarly Situated, Respondent-Appellant, v. NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Appellants-Respondents. (Proceeding No. 2.)

In the Matter of SHIRLEY L. SPLATT, Individually and on Behalf of All Others Similarly Situated, Respondent-Appellant, v. NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Appellants-Respondents. (Proceeding No. 3.)

In the Matter of MACK GODBEE, Individually and on Behalf of All Others Similarly Situated, Respondent-Appellant, v.

NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Appellants-Respondents.   (Proceeding No. 4.)

Third Department, November 16, 1972.

*De Graff, Foy, Conway & Holt-Harris* (*John Carter Rice* of counsel), for respondents-appellants.

*Louis J. Lefkowitz, Attorney-General* (*John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellants-respondents.

STALEY, JR., J. P. These are cross appeals, by permission, from an order of the Supreme Court at Special Term, entered August 24, 1972 in Albany County, in a proceeding pursuant to article 78 of CPLR, which (1) granted respondents' motion to dismiss the petition on behalf of all others similarly situated, and (2) denied respondents' motion to dismiss the petition in all other respects.

Petitioners in these four proceedings are employees of the State of New York in permanent positions in the competitive class of the civil service. On or about May 1, 1972 petitioners and approximately 7,500 other civil service employees of the State received notices from respondent, Director of the Office of Employee Relations, notifying them that they had engaged in a strike on April 1 and 2, 1972 in violation of subdivision 1 of section 210 of the Civil Service Law.

The notice advised petitioners that the public employer must impose penalties of probation for a period of one year, during which the employees must serve without tenure, and deduction from the employees' salaries of an amount equal to twice the daily rate of pay for every day he was in violation. (Civil Service Law, § 210, subd. 2, pars. [f] and [g].)

Within 20 days of the date on which the notice was mailed, petitioners filed affidavits containing a statement of facts to show that they had not engaged in a strike. Petitioners Sanford, Winkowski and Splatt were granted hearings on the factual issues raised by their affidavits. Petitioner Godbee was denied a hearing on the ground that his affidavit failed to establish that he did not violate the statute. Each petitioner has been on probation since the date of the director's initial determination and each has had the monetary penalty deducted from his or her salary. (Civil Service Law, § 210, subd. 2, par. [h].)

Petitioners, on their own behalf and on behalf of other State employees similarly situated, commenced these proceedings seeking a judgment annulling the determination of the Director of

the Office of Employee Relations made on April 29, 1972 as unreasonable, arbitrary and capricious and declaring that subdivision 1 and paragraphs (b), (d), (e), (f) and (h) of subdivision 2 of section 210 of the Civil Service Law are unconstitutional.

Appellants moved to dismiss the petitions on the ground that (1) they failed to state a cause of action, and that the provisions of subdivisions 1 and 2 of section 210 are constitutional, legal and valid and do not violate the due process and equal protection provisions of the Constitution of the United States or the Constitution of the State of New York; (2) respondents have failed to exhaust their administrative remedies; and (3) that these proceedings cannot be maintained as a class action. Special Term granted the motion to dismiss the petition on behalf of all others similarly situated and denied the motion in all other respects.

The basic issue on this appeal is whether due process requires that an employee should be granted a hearing on his objections prior to the imposition of the penalties prescribed by paragraphs (f) and (g) of subdivision 2 of section 210 of the Civil Service Law in all cases involving strikes by public employees.

There is no provision of either the Federal or State Constitutions which prevents the State from outlawing strikes by public employees. (*Rankin* v. *Shanker,* 23 N Y 2d 111; *City of New York* v. *De Lury,* 23 N Y 2d 175.) It has also been held that section 210 is not unconstitutional because it permits the imposition of penalties without a prior hearing. (*Matter of Lawson* v. *Board of Educ. of Vestal Cent. School Dist. No. 1,* 62 Misc 2d 281, affd. 35 A D 2d 878, app. dsmd. 28 N Y 2d 993, app. dsmd. 404 U. S. 907; *Matter of Zeluck* v. *Board of Educ. of City School Dist. of City of New Rochelle,* 62 Misc 2d 274, affd. 36 A D 2d 615, app. dsmd. 29 N Y 2d 749; cf. *Matter of Di Maggio* v. *Brown,* 19 N Y 2d 283.)

The contention that the penalty provisions of section 210 are unconstitutional and that such provisions operate as a bill of attainder and deprive public emloyees of property without due process of law, is without merit. The statute requires that a written notice of charge be served upon each employee who is found to have engaged in a strike, who may then object to such determination by filing an affidavit and supporting proof. The chief executive officer then determines whether to uphold the employee's objection, to dismiss it, or grant a hearing to review the facts upon which the objection is based. Any determination against the employee by either the chief executive officer or the

hearing officer is reviewable in an article 78 proceeding. If the initial determination is reversed upon an employee's objection, tenure is restored and payroll deductions refunded. These procedures constitute sufficient due process.

In *Matter of Di Maggio* v. *Brown* (*supra,* pp. 287–288) the Court of Appeals upheld the constitutionality of the Condon-Wadlin Act stating: "Moreover, it cannot reasonably be said that the law constitutes a bill of attainder, 'a legislative act which inflicts punishment without a judicial trial.' (*Cummings* v. *Missouri,* 4 Wall. [71 U. S.] 277, 323 [1866].) There is no constitutional provision which vests one with the right to governmental employment, or which bars the imposition of reasonable and necessary limitations and conditions on such employment. Consequently, a statute which incorporates such limitations on governmental employment cannot be construed as a bill of attainder."

Special Term, relying mainly on the case of *Fuentes* v. *Shevin* (407 U. S. 67), held (70 Misc 2d 833, 838) that the provisions of section 210 which establish a procedure to object to the determination that the employee engaged in a strike "insofar as it fails to provide for an opportunity for a hearing before the imposition of the statutory penalties, is inadequate to satisfy the requirements of due process."

The *Fuentes* opinion held that due process was violated by replevin laws of a State insofar as they denied the right of a prior opportunity to be heard before chattels were taken from their possessor, notwithstanding that he could regain possession by posting a security bond, and that he would have an opportunity for a postseizure hearing and, further, that such laws served no such important governmental or general public interest justifying postponement of the due process right to an opportunity for a hearing until after the seizure of the property.

While we recognize that the penalties provided by section 210, both as to loss of tenure and loss of pay, affect property rights of the employee, we find that the public interest involved justifies the procedure outlined by section 210 which imposes penalties prior to a hearing on the determination by the chief executive officer that the public employee had engaged in a strike.

In *Boddie* v. *Connecticut* (401 U. S. 371, 377) Justice HARLAN, speaking for the court on the issue of the right of an individual to be heard before being deprived of a property right, stated: "Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right

and duty through the judicial process must be given a meaningful opportunity to be heard" and further at pages 378 to 379: " The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings. That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event."

In our opinion, the prevention of strikes by public employees involves a "valid governmental interest" which justifies the procedure for imposing penalties prior to a hearing and postponing the hearing until after the event.

" In view of the strong policy considerations which led to the enactment of the Taylor Law, it is our conclusion that the statutory prohibition against strikes by public employees is reasonably designed to effectuate a valid State policy in an area where it has authority to act and that the provisions of subdivision 1 of section 210 do not offend any due process rights of the defendants." (*City of New York* v. *De Lury,* 23 N Y 2d 175, 185.)

Legislation which differentiates between strikes by public employees and employees in private industry is reasonable and does not offend against the constitutional guarantee of equal protection of the law. (*Rankin* v. *Shanker,* 23 N Y 2d 111, *supra.*) The penalty provisions and procedure for review provided by section 210 are constitutional and meet the test of an extraordinary situation where a valid governmental interest is at stake so as to permit the deprivation of a property right without prior notice and prior evidentiary hearing. That part of the order appealed from, which found that the penalty procedures of section 210 were unconstitutional, should be reversed. (*Matter of St. Pierre* v. *Board of Educ. of Cent. School Dist. No. 1,* 40 A D 2d 71 [decided herewith].)

In the proceedings involving petitioners Sanford, Winkowski and Splatt, since they have been granted hearings on their objections, the motions to dismiss their petition on the ground that they have failed to exhaust their administrative remedies, should be granted. After the hearings, it may be determined that their objections will be sustained, which would preclude any further review by them and, therefore, these proceedings for review are

premature. However, in the proceeding involving petitioner Godbee, since his objection was denied and it was determined that he was not entitled to a hearing, that determination is subject to review in this article 78 proceeding.

Appellants further contend that Special Term properly granted their motion to dismiss the petitions on behalf of all others similarly situated. The State employees affected by the notices issued by the Director of the Office of Employee Relations fall into three groups: (1) those who filed objections and were granted a hearing; (2) those who filed objections and were denied a hearing; and (3) those who failed to file objections.

The affidavits filed in support of the objections contain many different factual allegations in support of their opposition to the determination that they engaged in a strike. Each individual is seeking to recover for his individual loss which may involve separate and individual defenses and varied reasons why the determinations were erroneous. The petitioners who have been granted hearings should not have standing to represent those employees who were denied hearings or those who did not file any objections.

Special Term properly determined that a class action was not appropriate because different questions were involved as to each employee and determination of the merits of each objection would turn on the particular facts and circumstances involved. (*Gaynor* v. *Rockefeller,* 15 N Y 2d 120.)

The order should be modified, on the law and the facts, by dismissing the petitions in the Sanford, Winkowski and Splatt proceedings, and by remitting the Godbee proceeding to Special Term for a determination as to the sufficiency of the objections filed, and, as so modified, affirmed, without costs.

GREENBLOTT, SWEENEY, KANE and REYNOLDS, JJ., concur.

Order modified, on the law and the facts, by dismissing the petitions in the Sanford, Winkowski and Splatt proceedings, and by remitting the Godbee proceeding to Special Term for a determination as to the sufficiency of the objections filed, and, as so modified, affirmed, without costs.