■ In the Matter of SUSAN BARTON et al., Appellants-Respondents, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents-Appellants.— Judgment, Supreme Court, Albany County, entered on March 5, 1974, affirmed, without costs, on the decision of Hughes, J., at Special Term. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD S. CHAMBERLAIN, SR., Appellant.— Appeal from a judgment of the County Court of Broome County, rendered February 5, 1974, convicting defendant, on his plea of guilty, of the crime of unlawful possession of a weapon in violation of subdivision 2 of section 265.05 of the Penal Law. We find that the pistol introduced into evidence protruded from defendant's outside breast pocket so that the handle and slide were visible to the arresting officer, who was familiar with this particular kind of weapon. Since defendant had a full and fair hearing, the record constitutes adequate basis for this factual finding which, as made by this court, constitutes findings which should have been made by the hearing Justice. (See *People* v. *Denti,* 44 A D 2d 44, 47.) The conclusion of law that the seizure was not the result of an illegal search is sustained. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.

■ In the Matter of NORMAN KAISER, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. In the Matter of NORMAN KAISER, as Vice-President of Roger Smith Drug Co., Inc., Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.— Proceeding initiated in the Appellate Division of the Supreme Court in the Third Judicial Department, pursuant to subdivision 4 of section 6510 of the Education Law, to review determinations of the Commissioner of Education suspending both the individual petitioner's license to practice pharmacy and the corporate petitioner's certificate to conduct a pharmacy in this State for a period of three months. The record establishes that the petitioners clearly failed to keep *any* appropriate record as required in regard to their receipt of certain narcotic drugs. There is substantial evidence to support all of the other violations found by the respondent and the penalties imposed are not excessive. Determinations confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.