David T. Gibbons, J.
In this proceeding pursuant to CPLR article 78, judgment is granted the respondents dismissing the petition.
This proceeding presents a question as to the imposition of penalties for engaging in an illegal strike.
Petitioner, who is president of the teachers’ association and a teacher in the Bellmore-Merrick School District, was a participant in the illegal strike. He brings the action on behalf of himself and others similarly situated for the refund of penalties which he claims were improperly imposed.
A class proceeding is proper where, as here, the claims presented are the same. (See Cirillo v Board of Educ., 66 Misc 2d 749.)
Respondents are the board of education and Gerald F. Gorman, its district principal and chief executive officer.
Respondents’ claim that the district treasurer, as the fiscal officer who was responsible for the withholding of the penalties and who will be responsible to make any refunds directed, should be named as respondent is rejected at the outset.
Clearly, any payments or disbursements made by the treasurer are made pursuant to authorizations by the board of *989 education and notification by the chief executive officer of the district, and a board of education does appear as respondent in all the similar proceedings studied by the court.
There is no claim that an illegal strike has not occurred nor that the petitioners were not participants. In fact, petitioners may be foreclosed from making such claims at this time. (See Matter of Lawson v Board of Educ., 35 AD2d 878, app dsmd 404 US 907; Matter of Maslinoff v Central School Dist. No. 1, 67 Misc 2d 149.)
Among the penalties interposed for the greatest violators were the deductions of two days’ pay on January 3, 1975, another two days’ pay on January 17, 1975, a further two days’ pay on January 31, 1975 and another day’s pay on February 7, 1975.
Section 210 (subd 2, par [g]) of the Civil Service Law provides that such deductions shall be made not earlier than 30 days nor later than 90 days following the date of such determination.
The only question presented to the court is whether this determination was made on October 28, 1974 or on November 21, 1974.
If the determination was made on the earlier date of October 28, then any deductions made on January 31 and February 7, 1975 were made more than 90 days after the determination. It is the refund of these payments that is sought through this proceeding.
Section 210 (subd 2, par [d]) of the Civil Service Law reads as follows: "(d) Determination. In the event that it appears that a violation of this subdivision may have occurred, the chief executive officer of the government involved shall, on the basis of such investigation and affidavits as he may deem appropriate, determine whether or not such violation has occurred and the date or dates of such violation. If the chief executive officer determines that such violations have occurred, he shall further determine, on the basis of such further investigation and affidavits as he may deem appropriate, the names of employees who committed such violations and the date or dates thereof. Such determination shall not be deemed to be final until the completion of the procedures provided for in this subdivision.” Section 210 (subd 2, par [e]) states:. "(e) Notice. The chief executive officer shall forthwith notify each employee that he has been found to have committed such violation the date or dates thereof and of his right to object to *990 such determination pursuant to paragraph (h) of this subdivision; he shall also notify the chief fiscal officer of the names of all such employees and the total number of days, or part thereof, on which it has been determined that such violation occurred. Notice to each employee shall be by personal service or by certified mail at his last address filed by him with his employer.”
It is apparent from the reading of these sections that section 210 (subd 2, par [a]) and section 210 (subd 2, pars [e], [g]) are part and parcel of the same procedures and that no penalty deductions can occur until a final determination is made and proper notice is given to the employees and the chief fiscal officer.
It is clear, too, that a bifurcated investigation and determination is envisioned in section 210 (subd 1, par [d]) wherein it is first determined that a strike exists on certain dates and, then later, that specific employees engaged in that strike.
By a letter dated October 28, 1974, the respondent, Gerald F. Gorman, principal of the district, informed the clerk of the district that based upon his information and observations that a strike was in effect October 3 through October 11 in the district and that approximately 640 teachers did not perform their assigned duties as required by law.
On November 21, 1974 notice was given by certified mail to 627 teachers advising them of Mr. Gorman’s determination that they had engaged in a strike in violation of subdivision 1 of section 210 of the Civil Service Law on various days totaling three, four, five, six, or seven days as the individual cases might be. The notice also advised the teachers of their rights to object pursuant to section 210 (subd 2, par [h]) of the Civil Service Law.
The notice indicates that deductions will be made 30 to 90 days after the date thereof pursuant to section 210 (subd 2, par [g]) of the Civil Service Law. The payroll dates then specified for deductions were December 6, 1974, December 13, 1974, December 20, 1974, January 3, 1975 and January 17, 1975.
There is some indication that these dates were changed by respondent at the request of petitioners to give petitioners more time to protect their rights and because of the holiday season. This is disputed, but determination of this dispute is not necessary to the disposition of this matter.
*991 An informal letter-opinion was obtained from the counsel of the New York State Public Employment Relations Board, Martin L. Barr, Esq., dated November 26, 1974 wherein that in his opinion, November 21, 1974 was the appropriate date for the measurement of the "not earlier than 30 nor later than ninety days following the date of such determination” set forth in section 210 (subd 2, par [g]) of the Civil Service Law.
This opinion, although respected, is not binding on the court.
The court, however, agrees that November 21, 1974 was the date of "such determination” referred to in the statute and that all the penalty deductions were properly made.
In Matter of Wilson v Board of Educ. (39 AD2d 965, 966), the court makes clear the public policy indulging the statute and legislative intent by stating that: "The stated policy of the Legislature in enacting the Taylor Law was, in part, 'to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government’ and to provide remedies for the violation of the prohibitions against strikes by public employees (Civil Service Law, § 200). The intention in directing the loss of two days’ pay for each day of participation in a strike, as well as other penalties, was to provide 'more effective deterrents against strikes’ (2 McKinney’s 1969 Session Laws of New York, p. 2365 [Memorandum of Senate Rules Committee]).”
In that case the Appellate Division reversed Special Term’s determination (66 Mise 2d 136) which would have gone contrary to the intention and policy by permitting the teachers to escape the penalties. The Appellate Division determination was modified (32 NY2d 636) but the extent of this modification was merely a further extension of the date from which to measure the 30/90-day period.
This court is guided by the reasoning in Matter of St. Pierre v Board of Educ. (66 Misc 2d 634, mod 40 AD2d 71) wherein it was held, as is the determination here, that the determination required by the statute was made when the notification was given the petitioners.
The courts indicated that to hold otherwise would require evidence in each case to arrive at the precise time when the chief executive officer arrived at a decision in his mind as to the date of the violation and those involved. (St. Pierre, 66 Misc 2d 634, 636, affd 40 AD2d 71, 73, supra.)
*992 The case at hand exemplifies and emphasizes the reason for setting this determination date in order to effectuate the public policy expressed in the Taylor Law (Civil Service Law, art 14).
Accordingly, a judgment shall be submitted on notice dismissing the petition.