Robert H. Wagner, J.
This is a proceeding pursuant to CPLR article 78 to review a fair hearing determination of the Commissioner of the New York State Department of Social Services.
The petitioners and their minor children who reside with them are residents of the County of Monroe, State of New York. During 1973 the petitioner, Ernest Fingland, was a recipient of Aid to the Disabled (AD) while his spouse, Marjorie Fingland, and the minor children living with them were recipients of Aid to Families with Dependent Children (AFDC). The public assistance benefits paid to the petitioners and their minor children during 1973 by the Monroe County *1086 Department of Social Services were calculated pursuant to the table for co-operative budgeting (18 NYCRR 352.32 [e] [1]).
On January 10, 1974, a decision was rendered in Barton v Lavine (Supreme Ct, Albany County, Jan. 10, 1974, Hughes, J., affd 46 AD2d 981, affd 38 NY2d 785) which held that the table for co-operative budgeting had been invalid since January 1, 1973. On March 4, 1974, the petitioners requested a fair hearing to challenge the legality of budgeting them on a cooperative basis during 1973. After a fair hearing held in Rochester, New York, on March 21, 1974, the respondent rendered a decision refusing to consider the use of co-operative budgeting as applied to the petitioners: "Pursuant to Section 135-a of the Social Services Law, a request for a hearing must be made within 60 days of the action or failure to act complained of by the appellant. The record in this case clearly discloses more than 60 days have elapsed since the time of the agency actions sought to be reviewed. Accordingly, the State Commissioner of Social Services is without jurisdiction to rule on the merits of appellants appeal.”
Section 135-a of the Social Services Law states that a request for a fair hearing must be made "within sixty days after the date of the action or failure to act complained of.” Respondents contend that the latest date of the action complained of was December 31, 1973, the date on which cooperative budgeting ceased. Respondents contend that petitioners’ request, 63 days later, was not timely. They rely on Wimbush v Lavine (Supreme Ct, Albany County, Sept. 23, 1974), a case involving nearly identical issues to the case at bar.
Petitioners argue first, that the local commissioner’s "failure to act” was his failure to make corrective retroactive payments required by Federal regulation (45 CFR 233.20 [a] [12] [ii]); second, that the Barton case tolled the period of limitations for any members of the purported class until such time as the class relief was denied — until January 10, 1974; and third, that the respondents’ actions were an abuse of discretion.
The Federal regulation relied upon by petitioners concerns corrections of underpayments resulting from "administrative error” (45 CFR 233.20 [a] [12] [ii]). In the instant case, there was no administrative error in the sense of miscalculation, but rather there was an accurate calculation of petitioners’ budget under a regulation subsequently declared invalid. Therefore, *1087 this court is of the opinion that 45 CFR 233.20 does not apply in the present action.
In Barton v Lavine (Supreme Ct, Albany County, Jan. 10, 1974, Hughes, J., aifd 46 AD2d 981, affd 38 NY2d 785, supra), Special Term denied the petitioners’ application for class action relief: "It does not appear that any members of the alleged class have exhausted their available administrative remedies. Without having requested fair hearings to review the fact that their benefits were calculated under the cooperative budgeting table, the alleged members of the class would be in no position to contest the utilization of that table in an Article 78 proceeding. There is then no class so far as the court is aware for the petitioners to represent and, thus, the class action is inappropriate. (See Gaynor v Rockefeller, 15 NY2d 120, 129; Matter of Sanford v Rockefeller, 70 Misc 2d 833, 839, mod on other grounds 40 AD2d 82, aifd 32 NY2d 788.)”
The Appellate Division, Third Department, and Court of Appeals affirmed this decision. A finding by this court that the bringing of the Barton action tolled the Statute of Limitations for any members of the purported class would, in effect, permit all the rejected members of the purported class in Barton to relitigate the issue of their failure to comply with section 135-a of the Social Services Law. Petitioners have cited no case holding that under New York procedure the Statute of Limitations is tolled as to purported members of the class upon the commencement of a proceeding.
This court holds that the petitioners’ request for a fair hearing was not timely made (Social Services Law, § 135-a; Wimbush v Lavine, Supreme Ct, Albany County, Sept. 23, 1974; see, also, Matter of Samperi v Kramer, 49 AD2d 979). Accordingly, the petition is dismissed.