2    EDDIE PHILLIPS et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County, entered February 10, 1977, dismissing the petition, affirmed, without costs and without disbursements. Petitioners, employees of the New York City Health and Hospitals Corporation, engaged in a four-day strike in August, 1976 and became subject to penalties under the "Taylor Law" (Civil Service Law, § 200 *et seq.).* At issue on this appeal is whether the amount of money which should be deducted should be based on net, after-taxes pay or on gross pay. Section 210 (subd 2, par [g]) of the Civil Service Law states in pertinent part: "the chief fiscal officer of the government involved shall deduct from the compensation of each such public employee an amount equal to twice his daily rate of pay for each day or part thereof that it was determined that he had violated this subdivision". This language clearly indicates that gross pay is that which should be deducted. The dispute in this case arose as a result of a ruling by the Internal Revenue Service that amounts deducted from salaries of employees as penalties are to be considered as income for withholding tax purposes. Furthermore, penalties paid are not deductible by employees on their income tax returns. Petitioners urge that deduction of the gross pay as a penalty, and the additional deduction of withholding taxes due when that penalty amount is considered as income, constitute a penalty greater than mandated by statute. We disagree. The Civil Service Law, above quoted, by use of the phrase "daily rate of pay," clearly mandates that the "Taylor Law" penalty imposed be a deduction of gross pay. Furthermore, an employer is required to collect any underpayment of withholding taxes from the remaining remuneration of the employee (26 CFR 31.6205-1 [c] [4]). Therefore, additional withholding tax must be taken into account for the penal sum included in the incomes of the petitioners. There is no impediment to the city's following both the State law and the Federal regulation. We conclude, therefore, that both mandates must be followed: that of the Civil Service Law directing deduction of twice the daily rate of pay for the number of days that an employee violated the law, as well as that of the Internal Revenue Regulations directing deduction of underpayment of withholding tax from the remuneration of the employee. The Civil Service Law does not provide for mitigation of the penalty imposed because of tax consequences flowing therefrom. Whether such provision should be included is a matter for the Legislature, and the courts cannot and should not, under the guise of interpretation, transmogrify the plain language of the statute. Concur—Kupferman, Evans, Capozzoli and Lane, JJ.; Murphy, P. J., dissents in the following memorandum: In August, 1976, the petitioners and thousands of other hospital employees went on strike in violation of the Taylor Law. Section 210 (subd 2, par [g]) requires the chief fiscal officer of the government involved to deduct from the compensation of its striking employee amounts equal to twice his daily rate of pay for each strike day or

part thereof. In actuality, the striking employee is not paid for each day he doesn't work and he is penalized an additional day's pay for each day he is on strike. Initially, the respondents deducted the gross daily rate of pay for both the strike days and the penalty days. However, they did not deduct Federal withholding taxes on those penalties. Subsequently, in revenue ruling 76-130, the Internal Revenue Service (IRS) advised the New York City agencies to begin withholding taxes on Taylor Law penalties. In compliance with that revenue ruling, respondents deducted taxes, not from the penalties imposed, but from the balance of petitioners' salaries. The court at Special Term agreed with the manner in which respondents calculated the Federal taxes, and concluded that the petitioners' grievance was with the Internal Revenue Service (IRS) rather than with the respondents. Section 210 (subd 2, par [g]) of the Civil Service Law is a penal statute that must be strictly construed against the respondents and in favor of the petitioners (56 NY Jur, Statutes, § 231). Under such a construction, the provisions of the afore-mentioned statute were satisfied when the respondents deducted the gross daily rate of pay for both the strike and penalty days. Revenue ruling 76-130 did direct that the Taylor Law penalties be treated as the income of the striking employees. Likewise, it must be observed that an employer is required to collect the undercollection of income tax from a striking employee's remuneration (26 CFR 31.6205-1 [c] [4]). However, neither that ruling nor the regulation answers the more narrow question of whether the taxes should be deducted from the Taylor Law penalties or from the balance of an employee's salary. The Taylor Law is silent on this point. There is no indication in that penal statute that the Legislature intended that a striking employee would lose more than his gross pay for the strike and the penalty days. Furthermore, there is no specific authorization in the Taylor Law for the respondents' present practice of taxing the balance of an employee's salary to cover the taxes due upon a penalty. Construing section 210 (subd 2, par [g]) most strictly, I find no reason for diverging from the normal accounting practice of deducting withholding taxes from the "income" of an employee. Since the IRS treats the penalties as "income" to the petitioners, the respondents should be required to treat those penalties in the same manner for tax purposes. I would reverse the judgment and grant the petition.

