■ WARREN TEPPER, Individually and on Behalf of All Others Similary Situated, Respondent-Appellant, v WYANDANCH UNION FREE SCHOOL DISTRICT et al., Appellants-Respondents. — In a proceeding pursuant to CPLR article 78, to review the appellants-respondents' determination to deduct certain withholding taxes from petitioner's salary, the parties cross-appeal from a judgment of the Supreme Court, Suffolk County (Bracken, J.), dated March 16, 1981, which found that the appellant-respondent school district acted in excess of its constituted authority in deducting from the February 15, 1980 payroll withholding for taxes applicable to 15 penalty days, and directed reimbursement of those funds, with interest. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. Petitioner, a teacher, brought this proceeding to challenge the manner in which the Wyandanch Union Free School District made deductions from his wages (and those of all others similarly situated) for penalties imposed pursuant to section 210 (subd 2, par [g]) of the Civil Service Law, as a result of his participation in an illegal strike. Paragraph (g) requires that all such penalties be collected no earlier than 30 nor later than 90 days after there has been a determination and notice that the strike is illegal. Upon the striking teachers' return to work, the school district elected to first deduct from their wages the amount of the penalty (one day's gross pay for each day on strike [*Phillips v New York City Health & Hosps. Corp.,* 58 AD2d 768, affd 44 NY2d 807; *Matter of McGinn v Board of Educ.,* NYLJ, Dec. 16, 1976, p 13, col 3, affd 57 AD2d 868]), and thereafter, to deduct the amounts due for withholding taxes on the wages used to satisfy the penalty. Although Special Term impliedly found that this method of making the deductions was proper (and we agree), it held that the withholding taxes due on the wages deducted as penalties also had to be collected within the 90-day time limitation set forth in section 210 (subd 2, par [g]) of the Civil Service Law. We disagree with that conclusion. The withholding taxes due on those wages are over and above the amount due as a penalty, and have no connection with the penalty, as such, other than the fact that the wages being used to satisfy the penalty are subject to taxation. The time limitation in the statute refers only to the collection of the penalty, and has no bearing on the time or manner in which the taxes are collected (see *Matter of McGinn v Board of Educ., supra*). Since the proceeding is being dismissed it is unnecessary to reach the class action issue. Damiani, J. P., Lazer, Mangano and Gulotta, JJ., concur.