■ In the Matter of DANIEL MENA, JR., et al., Appellants, v ALPHONSE E. D'AMBROSE et al., Constituting the Civil Service Commission of the City of New York, et al., Respondents.—Order, Supreme Court, New York County, entered June 7, 1976, denying petitioners' motion for leave to reargue and/or renew their petition in this article 78 proceeding which was dismissed by an order and judgment of the same court, entered March 15, 1976, reversed on the law, without costs and disbursements, and the petition granted to the extent of the relief agreed to in a stipulation of settlement proposed in the record whereby the appellants would be assured certification to the next occurring vacancies in the position of Captain, Transit Police Department. The appeal from the order and judgment (one paper) dismissing the petition is unanimously dismissed, without costs and disbursements. Petitioners commenced this proceeding in November, 1975 after respondents refused to certify them for appointment beyond the life of a promotion eligibility list scheduled to expire in December, 1975. All of the parties agreed to the proposed stipulation of settlement except the chairman of the Transit Authority who contended that the expiration of the eligible list would preclude such relief. When the list was first promulgated one Mickulas stood at position 39 and the petitioners Kelly, Mena and McCarthy at positions 41, 42 and 44, respectively. It was then altered in September, 1973 pursuant to a court order in *Russo v Bronstein* (Supreme Ct, New York County, Index No. 8829/72, Kapelman, J.) to reflect corrections for improperly graded answers, but it was corrected only for the petitioners themselves in *Russo.* On October 20, 1974, Mickulas was promoted to captain, the last appointment from the list. On May 23, 1975, the same examination was again ordered corrected to allow alternate answers *(Lydon v Bronstein,* Supreme Court, New York County, Index No. 8129/72, Greenfield, J.). The standings on that revised list were: Mena, 40; McCarthy, 41; Kelly, 42; Mickulas, 43. On October 10, 1975, counsel for respondents informed petitioners that they would not retain eligibility for certification after the expiration of the list in December in answer to their inquiry prompted by the fact that Mickulas had been appointed although lower on the list. They sought by article 78 a direction for their certification for appointment, and their appointment, effective October 26, 1974 and that, pending this relief, the respondents be enjoined from treating the list as expired. The proceeding was commenced prior to expiration of the list but the court did not render its decision until two months after the expiration date. It dismissed on the grounds that, while the petitioners were at positions 40 through 42, Mickulas had been appointed from position 39, and that expiration of the list pursuant to section 56 of the Civil Service Law precluded relief. Their motion for renewal was made upon new facts; that one candidate, Judge, had been erroneously placed at position 31 when in fact his proper position was 44.5. This would have placed petitioners at 39, 40 and 41, and, with the one-of-three rule (New York City Civil Commission, Rules & Regulations, § 4.7.2) applicable, would have placed all of them in consideration for appointment ahead of Mickulas. The court denied the motion. The order determining the motion on new facts is appealable *(Thornlow v Long Is. R.R. Co.,* 33 AD2d

1027) and that motion compels the grant of the petition in part. Because Civil Service appointments are to be based upon merit as adjudged by competitive examination (NY Const, art V, § 6), the remedy for faulty grading should be extended to all who are affected, not just to those who participate in exposing the fault *(Matter of Abrams v Bronstein,* 33 NY2d 488; *Matter of Reis v Hoberman,* 65 Misc 2d 966). Had petitioners been accorded such treatment in 1973 simultaneously with their peers, they and not the actual appointee would have been certified for the last promotion. They have suffered an injury from the delayed recomputation of their scores and it should not go unrectified by wielding an expiration date to defeat rights timely asserted but belatedly recognized *(Matter of Singer v Schechter,* 17 AD2d 204; *Matter of Simon v Kennedy,* 5 Misc 2d 17; cf. *Matter of Cash v Bates,* 301 NY 258). Nor can respondents argue laches, a defense not asserted below (see *Matter of Scuderi v Board of Educ.,* 49 Ad2d 942); this proceeding was commenced as soon as petitioners realized that they could be deprived of an opportunity for promotion. Petitioners, however, cannot be granted the total relief sought, appointment and retroactive salary increments, because that of which they were deprived, certification for appointment, does not ensure promotion *(Cassidy v Municipal Civil Serv. Comm. of City of New Rochelle,* 37 NY2d 526). Concur—Birns, Capozzoli; and Lynch, JJ.; Murphy, P.J., and Lane, J., dissent in a memorandum by Lane, J., as follows: I would affirm. The examination for promotion to the position of captain in which the present petitioners participated was the subject of two court orders directing modification of eligible lists, to reflect corrections for improperly graded answers. Petitioners were not parties to either of the suits culminating in court orders, not did they intervene in those proceedings in order to obtain any protection which may have been afforded by stipulations entered into among the parties. Petitioners, instead, brought this article 78 proceeding to direct their certification for appointment and to prevent the expiration of the eligible list on which they were named. The respondents have not made appointments from that list since 1974, and the list was scheduled to, and did in fact, expire on December 23, 1975. The decision to stop making additional appointments was prompted by budgetary considerations. The personnel of the department had been reduced by 422 men, and the needs of the transit police therefore did not include appointment of additional supervisory personnel when the entire patrol force was in the process of being reduced. Under these circumstances, the respondent cannot be compelled to make further appointments *(Matter of Bacon v Huie,* 287 NY 813, 815). Corollary to this conclusion is the observation that it would be improvident to continue the life of this eligible list beyond its expiration date (cf. *Matter of Cash v Bates,* 301 NY 258, 261; *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 56 AD2d 795). One final note: The fact of the elevation of one Mickulas to the position of captain at a time when he was in a higher position than petitioners on the eligible list, and prior to revision of that list, cannot result in his removal (New York City Civil Service Commission, Rules & Regulations, § 4.5.5 [f]) in order to accommondate the petitioners.