■ In the Matter of COMMITTEE OF INTERNS AND RESIDENTS et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County, entered December 19, 1979, dismissing the petition seeking, *inter alia*, a refund of strike penalty deductions, unanimously modified, on the law, withouts costs or disbursements, and the petition granted to the extent of ordering a refund of the first day's deduction and, except, as thus modified, affirmed. On January 17, 1979, house staff officers picketed at five municipal hospitals to protest the proposed closing of certain New York City municipal hospital system facilities. Pursuant to section 210 (subd 2, par [d]) of the Civil Service Law, respondent, on February 1, 1979, determined

that a strike had occurred on January 17, and, as required by section 210 (subd 2, par [e]), notice of this determination and of the imposition of the mandatory strike penalty was served upon those staff officers determined to have participated in the strike. The earliest notice was served on February 16; the latest on March 1, 1979. One day's pay was deducted from the strikers' paychecks on March 2 for those employed at four of the hospitals. For those employed at Kings County Hospital, one day's pay was deducted on March 16. On May 11, 1979, an additional day's pay was deducted from all the strikers' paychecks. Among other claims in this article 78 proceeding, petitioner, the collective bargaining representative of the staff officers, challenges the timeliness of those deductions. Section 210 (subd 2, par [g]) of the Civil Service Law provides that deductions of an amount equal to twice the employee's daily rate of pay for each day's strike shall be made "Not earlier than thirty nor later than ninety days following the date of such determination". In *Matter of De Lury v Beame* (49 NY2d 155, 159, 160) the Court of Appeals held that a strike determination does not become final until the individual strikers are identified by name or notified of their violation. Thus, we agree with Special Term that the 30- to 90-day period for deducting penalties commenced with notification to the staff officers affected that a strike determination had been made and the penalties would be deducted. Inasmuch as notices were served on all identified strikers between February 14 and March 5, 1979, the penalty deduction of May 11, 1979 was within the 90-day limitation. We disagree, however, with Special Term's finding that the first deduction which took place on March 2 and March 16, 1979, was not a penalty deduction but, rather, an ordinary one for "time not worked." The first deduction took place after the entire panoply of Taylor Law procedures had been invoked, including formal notification of violation to those affected. Except for its bald assertion in this litigation, respondent never treated the first deduction as anything other than a penalty for a Taylor Law violation. All internal memoranda acknowledge that it was a Taylor Law sanction. Moreover, respondent cannot legally justify the March 2 or March 16 first day's deduction as an ordinary withholding of pay for time not worked. Its own records disclose that the deduction was based not on absence for an entire day, but because the staff officers were "reported as not present when the management team made its spot check." Inasmuch as the first deduction was made within 14 days of its earliest notification to the strikers it was untimely. The first deduction was also premature in that it occurred before the expiration of the 20-day period in which an employee served with a violation notice may file objections to the employer's finding of violation. (Civil Service Law, § 210, subd 2, par [h]; see *Matter of De Lury v Beame, supra,* p 159.) We have examined petitioner's other contentions and find that they are without merit. Concur — Birns, J. P., Sullivan, Ross, Markewich and Silverman, JJ.