NEW YORK STATE INSPECTION, SECURITY, AND LAW EN-FORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, et al., Respondents, v STATE OF NEW YORK, Appellants. (Proceeding No. 1.)

In the Matter of FRANCIS H. KING et al., Respondents, v HUGH CAREY, as Governor and Chief Executive Officer of the State of New York, et al., Appellants. (Proceeding No. 2.)

Third Department, February 4, 1982

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John Q. Driscoll, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellants in Proceedings Nos. 1 and 2.

*Rowley & Forrest (Richard R. Rowley* of counsel), for respondents in Proceeding No. 1.

*Roemer & Featherstonhaugh (Michael J. Smith* of counsel), for respondents in Proceeding No. 2.

### OPINION OF THE COURT

WEISS, J.

On July 2, 1979, respondent Meyer S. Frucher, as Director of the New York State Office of Employee Relations, determined that an illegal strike in violation of the Taylor Law (Civil Service Law, § 210) had occurred between April 18 and May 4, 1979. On July 20, 1979, proper notices were sent to each employee who had been determined to be a participant in the strike, specifying the days on which he or she had been found to be on strike, and notifying them that they would be subjected to the salary deductions specified in the statute (Civil Service Law, § 210, subd 2, par [g]). Between September 5, 1979 (47 days from the determination), and January 10, 1980 (174 days from the determination), payroll deductions limited to not over two days per biweekly pay period were made. By reason of a payroll audit performed by the Comptroller, it appeared that some deductions had been excessive and others less than sufficient, whereupon, on January 23, 1980 and subsequent thereto, additional payroll deductions were commenced.

In Proceeding No. 1, plaintiffs, who are five prison guards and their union, District Council 82, seek a judgment declaring that all payroll deductions taken subsequent to January 10, 1980, are illegal by reason of defendants' failure to comply with the time requirements of section 210 (subd 2, par [g]) of the Civil Service Law. Plaintiffs further request judgment enjoining deduction of further penalties and directing defendants to repay any payroll deductions taken after January 10, 1980, from their wages and from the wages of all other employees similarly situated. In Proceeding No. 2, petitioners are two

employees and their union, the Civil Service Employees Association, Inc., who commenced a proceeding pursuant to CPLR article 78 for judgment declaring the resumption of payroll deductions to be illegal, null and void, and for immediate reimbursement, with interest, of all deductions made in excess of 90 days following July 20, 1979, and for a further order pursuant to CPLR 902 certifying that the proceeding may properly be prosecuted as a class action.

In Proceeding No. 1, Special Term granted certification to plaintiffs to prosecute the action as a class action, and also granted summary judgment declaring that the post-January 10, 1980 payroll deductions were improper and illegal and that refunds should be made to the individual plaintiffs, and to all members of their class, of deductions made subsequent to said date. Defendants' cross motion for summary judgment was denied and this appeal ensued. In Proceeding No. 2, petitioners were granted leave to proceed on behalf of all similarly situated members of the Civil Service Employees Association, Inc., the post-January 10, 1980 payroll deductions were declared improper and illegal, and respondents were directed to refund deductions made after said date. Respondents have also appealed from this judgment.

The Taylor Law prohibits public employee strikes and requires the chief executive officer to determine whether an employee violated the law and to notify him of the violation (Civil Service Law, § 210, subd 2, pars [d], [e]). Once such a determination is made, the State may deduct a penalty for the violation from an employee's paycheck in the manner set forth in section 210 (subd 2, par [g]) of the statute which provides, *inter alia*, that: *"Not earlier than thirty nor later than ninety days following the date of such determination,* the chief fiscal officer of the government involved shall deduct from the compensation of each such public employee an amount equal to twice his daily rate of pay for each day or part thereof that it was determined that he had violated this subdivision" (emphasis added).

The State here concedes that the post-January 10, 1980 deductions were not made within 90 days of notification of a Taylor Law violation nor within the additional time provided by the Federal court. Thus, the primary issue

presented is whether section 210 (subd 2, par [g]) of the Civil Service Law is a Statute of Limitations that bars the contested payroll deductions.

Contrary to the State's argument, this paragraph clearly and unequivocally provides that the 30 to 90-day time limitation is binding upon the State and bars payroll deductions after its expiration. Further, although there are no cases on this precise issue, the courts have consistently discussed and decided issues related to the penalty deductions on the assumption that the 30 to 90-day time period is a Statute of Limitations (see *Matter of De Lury v Beame,* 49 NY2d 155; *Matter of Committee of Interns & Residents v New York City Health & Hosps. Corp.,* 80 AD2d 807; *Matter of St. Pierre v Board of Educ.,* 40 AD2d 71).

Although the statute is designed primarily to protect the public from illegal strikes and does impose severe penalties upon violators, it has been held constitutional (*Matter of Sanford v Rockefeller,* 35 NY2d 547, 564, app dsmd 421 US 973). The statute has been amended by the Legislature on several occasions, including the subject subdivision in 1971, to provide for the recomputation of time where public employees work less than a 52-week work year. *Matter of Wilson v Board of Educ.* (39 AD2d 965, mod 32 NY2d 636) is distinguishable in that the determination made therein implemented the statutory amendment establishing a hiatus for deductions of penalties from striking schoolteachers during the summer months when they were not being paid. The Legislature has been careful to word the statute to meet perceived needs by both establishing the penalty for illegal strikes and preventing delay in the imposition of such penalties by specifying the time within which they are to be deducted from salaries.

Finally, the State's challenge to plaintiffs' and petitioners' standing must be rejected. A fundamental tenet of our system of remedies is that when a government agency seeks to act in a manner adversely affecting a party, judicial review of that action may be had (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 10). It cannot be seriously argued that the individual plaintiffs and petitioners, whose salaries have been subject to penalty deductions, are

not adversely affected by the agency action which is challenged in this litigation.

The order and judgment, in Proceeding No. 1, should be affirmed, with costs.

The judgment, in Proceeding No. 2, should be affirmed, with costs.

MAIN, J. (dissenting). We conclude that the 30 to 90-day provision is directory only. The statute, commonly referred to as the Taylor Law, was obviously designed and intended to protect the public from illegal strikes. It was surely not intended to serve as a vehicle whereby those determined to have violated the law can escape the imposition of the statutorily mandated penalty, nor was it intended that its application would result in a different penalty for those equally guilty as the majority's result provides. A fair reading of the statute also indicates that it was intended to compel the pertinent fiscal officer involved to undertake what might be a distasteful and painful task for him, i.e., the making of payroll deductions from the paychecks of fellow employees, and to prevent him from evading his responsibility in this regard by merely failing to collect the statutory penalties in a timely fashion.

We would also emphasize that a ruling in favor of plaintiffs and petitioners would lead to a result which the Legislature cannot reasonably be presumed to have intended. This is so for the reason that, if the State is limited to making payroll deductions during the 30 to 90-day period following a determination that there has been an illegal strike, and the striking employees are given credit against the deductions from their pay for amounts already withheld from their compensation because of their illegal absence from work, the maximum length of a strike for which the mandated penalty could be imposed would be 60 days (see Civil Service Law, § 210, subd 2, par [g]). Once a strike exceeded 60 days in duration, the striking employees would no longer be subject to the penalty of a day's pay for each day that they were on strike no matter how much longer the strike continued. Such a construction of the statute would unreasonably treat the striking employees in such an extensive strike more leniently than employees

engaged in a strike of shorter duration and would remove an important incentive for the settlement of such extensive strikes.

Moreover, it should be noted that subdivision (e) of section 213 of the Civil Service Law empowers a taxpayer to bring an action to review a failure to make the subject payroll deductions, and the commencement of such an action would, of necessity, require waiting until the 90-day period had expired. If the deductions cannot be made after 90 days, the taxpayer's proceeding would be futile and subdivision (e) would be thereby emasculated. In the course of construing a statute, the court must assume that every provision thereof was intended for some useful purpose and that an enforceable result was intended by the statute (see McKinney's Cons Laws of NY, Book 1, Statutes, § 144, and authorities cited therein).

Lastly, provisions of a statute which direct an officer to do an act at a certain time, though not making performance at that time essential and inserted merely to secure system, uniformity and dispatch in the public business, are generally held to be directory only, and a delay in performance or the neglect of such detail will not invalidate a proceeding under the statute or terminate jurisdiction unless the statute says so in language or by implication necessarily to be drawn from the statutory context. The rule is followed particularly where the acts are to be done for the benefit of the public or where there are no negative words in the statute forbidding the acts to be done at any other time (see McKinney's Cons Laws of NY, Book 1, Statutes, § 172). In our view, the 30 to 90-day provision was inserted merely to secure system, uniformity and dispatch, and consideration of the whole statute and its conceded purpose and object as well leads inescapably to the conclusion that it is directory rather than a Statute of Limitations. The order and judgments should be reversed.

KANE, J.P., and YESAWICH, JR., J., concur with WEISS, J.; MAIN and MIKOLL, JJ., dissent and vote to reverse in a separate opinion by MAIN, J.

Order and judgment, in Proceeding No. 1, affirmed, with costs.

Judgment, in Proceeding No. 2, affirmed, with costs.