## (February 4, 1982)

■ ROBERT E. MAY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64501.) JEAN L. HARNEY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64506.) WAYNE F. MACK, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64509.) — Appeals from judgments in favor of claimants, entered February 10, 1981, in each of the three actions, upon a decision of the Court of Claims (Murray, J.). In the three actions on appeal here, the same essential issue is raised, and the underlying facts are not in dispute. Between April 18, 1979 and May 4, 1979, State employees in the Security Services Unit engaged in a strike against the State. On July 2, 1979, Meyer S. Frucher, as Director of the New York State Office of Employee Relations, determined that

the strike was illegal, it having been carried out in violation of the Taylor Law (see Civil Service Law, § 210). Consequently, on July 20, 1979, a notice of such determination was issued to each employee found to have participated in the strike, informing him that he would be subject to the salary deduction policy provided in section 210 (subd 2, par [g]) of the Civil Service Law. On September 5, 1979, wage deductions were commenced but on September 8, 1979 the affected employees obtained a temporary restraining order from the United States District Court, Southern District of New York, which barred the State from deducting more than two days' pay from the compensation of any employee for any bi-weekly pay period. On January 10, 1980, the District Court dismissed the action and vacated the temporary restraining order. At the time the District Court's restraining order was vacated, all parties apparently assumed that the payroll deductions had been completed. A subsequent audit of the pertinent payroll accounts, however, revealed that insufficient deductions had been made in approximately 300 cases, and defendants resumed deductions in those cases. The instant claimants were among those subject to further deductions, which the State concedes were not made within 90 days of notification of a Taylor Law violation. On these appeals, the primary issue is whether section 210 (subd 2, par [g]) of the Civil Service Law, which provides that penalties against public employees found to have engaged in a strike be deducted from their paychecks within 30 to 90 days of the determination that the strike is illegal, is a Statute of Limitations that bars payroll deductions made after expiration of the 90-day period. This precise issue has been addressed by this court which concluded that section 210 (subd 2, par [g]) is a Statute of Limitations that bars payroll deductions after expiration of the 90-day period (*New York State Inspection, Security & Law Enforcement Employees, Dist. Council 82, AFSCME, AFL-CIO v State of New York,* 84 AD2d 448). Consequently, the contested payroll deductions are barred. In so ruling, we reject the State's challenge to claimants' standing (*id.*). In addition, we note that the Court of Claims had jurisdiction to hear the instant claims. Section 9 of the Court of Claims Act confers jurisdiction on that court to hear and determine claims against the State for breach of contract. Here, the actions can be characterized as actions for breach of contract since the State is allegedly breaching contracts with its employees by wrongfully withholding money from claimants' paychecks. Contrary to the State's argument, the availability of an article 78 proceeding to review the State's determination does not make the instant actions by claimants inappropriate since an article 78 proceeding is not claimants' exclusive remedy (*Dominick Dan Alonzo, Inc. v State of New York,* 73 AD2d 760, 761). Finally, in the case of claimant Jean Harney, the late payroll deduction was made because claimant received a retroactive pay increase as the result of a collective bargaining agreement signed in December, 1979. Claimant thereby received a raise retroactive to April, 1979. The State contends that it can make a retroactive adjustment to the fine to account for the retroactive pay increase. However, section 210 (subd 2, par [g]) clearly states that the amount of the fine is based on the employee's rate of pay "to be computed as of the time of such violation". On the days of the violation, claimant Harney had not benefited from the as yet unnegotiated pay increase. Therefore, a retroactive penalty adjustment is illegal. Judgments affirmed, with costs. Kane, J. P., Yesawich, Jr., and Weiss, JJ., concur.

Main and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent for the reasons stated in our dissent in *New York State Inspection, Security & Law Enforcement Employees, Dist. Council 82, AFSCME, AFL-CIO v State of New York* (84 AD2d 448). Moreover, in reference to the claim of Jean Harney, we find the

State's contention, i.e., that it can make a retroactive adjustment to the penalty to account for the retroactive pay increase, to be a valid one. At the time of the strike, claimant's rate of pay was not certain since it was the subject of negotiations and was not fixed until the bargaining agreement was consummated. Surely the Legislature did not intend that claimant, or any other striking employee, should be paid or credited with any amount while participating in an illegal strike. The judgments should be reversed and the claims dismissed.