■ In the Matter of WARREN F. BETZLER et al., Respondents, v HUGH L. CAREY, as Chief Executive Officer of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Fischer, J.), entered March 22, 1982 in Chemung County, which converted petitioners' proceeding, brought pursuant to CPLR article 78, into an action for declaratory judgment as it pertained to some petitioners and directed respondents to pay over salary withheld from petitioners. Petitioners are teachers, nurses, pharmacists, secretaries, and other civilian employees at the Elmira Correctional Facility who did not work during a strike by correction officers at the facility in 1979. Following the strike, each petitioner received a notice of a determination of participation in the strike in violation of subdivision 1 of section 210 of the Civil Service Law. Petitioners filed objections to these determinations, explaining that their absences were caused by legitimate reasons, mainly inability to cross the correction officers' picket line. Nonetheless, two days' pay for each day of absence during the strike was deducted from each petitioner's paycheck, pursuant to section 210 (subd 2, par [g]) of the Civil Service Law. Subsequently, some petitioners were exonerated of charges of participation in illegal strike activity, and the others were determined to require hearings.[*] The exonerated petitioners, however, were refunded only one day's pay for each two days' pay deducted. Petitioners then brought this article 78 proceeding, seeking refund of the full amount deducted from their salaries. Special Term converted the proceeding to an action for declaratory judgment for those petitioners for whom hearings were pending, and held that exonerated petitioners were entitled to a refund of the full amount withheld pursuant to section 210 (subd 2, par [g]) of the Civil Service Law. Respondents have appealed. When a public employee has not worked on the date of an illegal strike, the employee is presumed to have engaged in the strike, and twice his pay may be deducted from his salary for each day he was thus determined to be illegally on strike (Civil Service Law, § 210, subd 2, pars [b], [g]). On this appeal, respondents erroneously contend that when such an employee subsequently is exonerated, respondents should only be required to refund one day's pay for each day of absence from work and should be allowed to retain the other day's pay deduction as an ordinary deduction for time not worked. In *Matter of Committee of Interns & Residents v New York City Health & Hosps. Corp.* (55 NY2d 754, affg on opn below 80 AD2d 807), the First Department recently held that a deduction could not be justified as an ordinary deduction for time not worked where the evidence indicated that such deduction was treated by respondents as a Taylor Law sanction. In *Matter of Committee of Interns,* "the entire panoply of Taylor Law procedures" (80 AD2d

---

* Following Special Term's decision in the instant proceeding, all petitioners were exonerated for all days they had been initially determined to be on strike.

807, 808), including service of notices of determination of an illegal strike, was invoked following a day of picketing. Then one day's pay was deducted from the strikers' paychecks, and some two months later, an additional day's pay was deducted. Respondent there acknowledged that both deductions were penalties for Taylor Law violations. In the instant case, the entire panoply of Taylor Law procedures was also invoked against petitioners, followed by twice-the-daily rate deductions from their pay. These deductions, however, were taken all at one time, rather than split into two parts as in *Matter of Committee of Interns*. Moreover, respondents admit, both in their notices of determination (Civil Service Law, § 210, subd 2, par [e]) and their answer to the petition, that the entire deduction was made pursuant to subdivision 2 of section 210 of the Civil Service Law. Thus, it is even clearer here than in *Matter of Committee of Interns* that respondents treated the entire amount of deductions as a Taylor Law sanction, and, therefore, under *Matter of Committee of Interns,* none of the deductions can be retained by respondents as an ordinary deduction for time not worked. Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.