■ In the Matter of PLAINVIEW-OLD BETHPAGE CONGRESS OF TEACHERS et al., Appellants, v BOARD OF EDUCATION OF THE PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review determinations of the Board of Education of the Plainview-Old Bethpage Central School District to deduct certain sums from petitioners' salaries as a penalty for their participation in illegal strikes in violation of section 210 of the Civil Service Law, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered July 1, 1982, as dismissed the proceeding on the merits. ¶ Judgment reversed, insofar as appealed from, on the law, with costs, and petition granted except as to paragraph e of the "wherefore" clause of the petition which is denied. ¶ On October 9, 1981, the Superintendent of Schools made a determination that a strike had occurred on October 5, 1981, and that the employees (petitioners) named in the affidavits attached to the determination had participated therein. Similar determinations were made on November

2, 1981, with regard to strikes occurring on October 15, 16, 20, 21, 22, 26, 30 and November 2; November 18, 1981, with regard to strikes occurring on November 4, 5, 9, 10, 13 and 17; and December 9, 1981, with regard to strikes occurring November 18, 19, 30, December 1, 2, 3, 4, and 7, 1981. ¶ The Superintendent sent strike-determination notices dated November 12, 1981 to individuals who participated in the strikes which took place on October 15, 16, 20, 21, 22, 26, 30 and November 2, 1981. Payroll deductions resulting from strikes on the above days were reflected in petitioners' December 4, 1981 paychecks. ¶ On December 14, 1981, the Superintendent sent strike-determination notices to individuals who participated in the strikes which took place on November 4, 5, 9, 10, 13 and 17, 1981. The payroll deductions resulting from these strikes were reflected in petitioners' December 18, 1981 paychecks. ¶ On January 2, 1982, the Superintendent sent strike-determination notices to individuals who participated in the strikes which took place on November 18, 19 and 30, and December 1, 2, 3, 4, and 7, 1981. The payroll deductions resulting from the strikes on November 18, 19 and 30, 1981 were reflected in petitioners' January 15, 1982 paychecks. The payroll deductions resulting from the strikes on December 1, 2, and 3, 1981 were reflected in petitioners' January 29, 1981 paychecks and the payroll deductions resulting from the strikes on December 4, and 7, 1981 were reflected in petitioners' February 12, 1982 paychecks. ¶ Petitioners commenced the instant proceeding alleging that the payroll deductions were in violation of section 210 (subd 2, par [g] [now par (f)]) of the Civil Service Law since they were made earlier than 30 days following the sending of the strike-determination notification. We agree. ¶ The Court of Appeals has noted that: "[U]nder the statute the chief executive officer of the government involved is required to determine whether an illegal strike has occurred and, if a violation is found, the names of the striking employees and the dates of their participation (Civil Service Law, § 210, subd 2, par [d]). He must then notify the employees of the determination 'forthwith' (Civil Service Law, § 210, subd 2, par [e]; see, also, *Matter of De Lury v Beame,* 49 NY2d 155, 160). *Once this notice has been sent the chief fiscal officer of the government involved must deduct the statutory penalty from the employee's wages within 30 to 90 days* (Civil Service Law, § 210, subd 2, par [g])". (*Matter of King v Carey,* 57 NY2d 505, 513-514; emphasis supplied; see, also, *Matter of De Lury v Beame,* 49 NY2d 155; *Matter of Delea v Board of Educ.,* 86 Misc 2d 988, 991, affd on opn of Gibbons, J., 53 AD2d 613 ["the determination required by the statute was made when the notification was given the petitioners"].) ¶ The record indicates that all of the challenged payroll deductions from the paychecks of December 4, 1981, December 18, 1981, January 15, 1982 and January 29, 1982, were made less than 30 days from the sending of the notification. (We note that the propriety of the deductions from the February 12, 1982 paychecks has not been challenged in this proceeding.) As the provision of the Civil Service Law in question "relates to the essence and substance of the act to be performed and thus cannot be viewed as merely directory" (*Matter of King v Carey, supra,* p 513), the judgment of Special Term should be reversed, insofar as appealed from, and, *inter alia,* the administrative determinations authorizing the payroll deductions annulled. Titone, J. P., Rubin, Boyers and Eiber, JJ., concur.