■ RONALD L. MARX et al., Respondents-Appellants, v MARIO CUOMO, Individually and as Governor of the State of New York, et al., Appellants-Respondents.—Mikoll, J. Cross appeals from a judgment of the Supreme Court at Special Term (Kahn, J.), entered December 30, 1985 in Albany County, which partially granted plaintiffs' motion and defendants' cross motion for summary judgment.

Plaintiffs are State employees who were absent from work during some or all of the days of a 1979 strike by the Security Services Unit of the Department of Correctional Services. Plaintiffs were not members of the bargaining unit which was on strike. They were notified by the Governor's Office of Employee Relations (OER) that they were deemed to have participated in the strike pursuant to Civil Service Law § 210. They lost two days' pay for each day they were deemed to have been on strike. Plaintiffs objected to these deductions and, after a hearing, plaintiffs were found not to have been on strike on all of the days they were penalized. Consequently, plaintiffs were refunded one day's pay for each day they were out and not on strike, but were refused refunds of the remainder of the penalty on the ground that the remainder amounted to ordinary wages lost due to not reporting to work or invoking any appropriate leave provision.

This action was initiated after plaintiffs' demands for the remaining amounts were refused. Plaintiffs alleged violations of due process and equal protection under the NY Constitution, the US Constitution, Federal statutory law (42 USC § 1983), Civil Service Law § 210 (2) (g), and that defendants' actions were arbitrary and capricious. Plaintiffs also claimed that this court had already decided the same issue (see, Matter of Betzler v Carey, 91 AD2d 1116, lv denied 59 NY2d 601) and had required a full refund. Special Term dismissed plaintiffs' causes of action based upon Federal statutory law (see, 42 USC § 1983) and equal protection and due process. However, Special Term granted plaintiffs summary judgment reimbursing the moneys withheld on the basis of this court's decision in Betzler. The parties have cross-appealed from the judgment entered.

There should be an affirmance. Defendants contend on this appeal that this action is in the nature of mandamus, so that

the four-month Statute of Limitations ran from the time plaintiffs were paid the refund and, accordingly, is untimely. We disagree. Civil Service Law § 210 compelled payment of all moneys withheld once it had been determined that plaintiffs did not participate in the strike *(see, Matter of Betzler v Carey, supra)*. In a mandamus to compel case, the Statute of Limitations runs from the time a demand for a certain action is refused. However, the limitations period will not be indefinitely extended by delay in making the demand. The determinative factor, therefore, is whether the demand was unreasonably delayed *(Matter of Curtis v Board of Educ.,* 107 AD2d 445).

In the case at bar, suit was commenced within four months of the refusal. The demand had been made approximately one month after defendants began to attempt refunds in accordance with *Betzler.* However, the issue of unreasonable delay was not raised at Special Term when plaintiffs may have more fully explained the delay and thus will not be entertained on this appeal *(see, Matter of Mena v D'Ambrose,* 58 AD2d 514, 515, *mod on other grounds* 44 NY2d 428).

Defendants argue further that, even if this action is timely, it is barred by the principles of collateral estoppel. Defendants contend that the claim in *Matter of Weaver v Carey* (Sup Ct, Albany County, May 24, 1982, Cholakis, J.) was identical to the present claim and that the petitioners in that case were members of the same bargaining unit as plaintiffs, triggering the collateral estoppel doctrine. While a litigant may generally be bound if, *inter alia,* he is part of a class which was represented in a former class action (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.35) or was adequately represented in the prior litigation *(Weisz v Levitt,* 59 AD2d 1002), these factors are not present here. The prior proceeding was not certified as a class action and, unlike *Weisz,* plaintiffs' union was not a party to the prior litigation so as to represent plaintiffs. The union did provide representation for the individuals who brought the prior proceeding and is doing so here, but use of the same attorney alone does not establish a privity so as to apply an estoppel. It would be unfair to bind the individuals in the instant case to an adverse ruling in a prior case over which they had no control. This is especially true here in light of *Matter of Betzler v Carey (supra),* which held that recovery for both days is required. It is conceded that the facts in *Betzler, Weaver* and the present case are identical. *Betzler* therefore is controlling.

In any event, the deductions here were treated as Taylor

Law *(see,* Civil Service Law art 14) penalties by defendants. Civil Service Law § 75 requires a hearing prior to any disciplinary action, including the withholding of pay *(see, Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967, *lv denied* 49 NY2d 708). It appears there was no such hearing held here. The pay withholding then must have been seen as pursuant to Civil Service Law § 210. Thus, plaintiffs' claim is valid and not barred by collateral estoppel.

Finally, Special Term's finding that plaintiffs did not state claims under 42 USC § 1983 was correct. Special Term reasoned that the suit, nominally against individual State officers, was in reality against the State, since any payments would come from the State, and the State is not a "person" under 42 USC § 1983. As the complaint in the suit at bar requests only restoration of salary and employment rights, it is "in reality" against the State and the dismissal of the suit, even though it was nominally against the individual defendants, was proper *(see, Cullen v New York State Civ. Serv. Commn.,* 435 F Supp 546, 557-558, *appeal dismissed* 566 F2d 846).

The injunctive relief sought in the complaint is not barred on the foregoing grounds. However, it still does not state a cause of action under 42 USC § 1983. As Special Term noted, the procedures under Civil Service Law § 210 have been found to comport with due process *(see, Matter of Sanford v Rockefeller,* 35 NY2d 547, *appeal dismissed* 421 US 973). Plaintiffs argue that, since it has been established that no strike occurred in the instant case, any further deprivation of property prior to a hearing violates due process as the compelling State interest in avoiding strikes that existed in *Sanford* is now absent. However, postdeprivation remedies have been held sufficient to satisfy due process as long as a hearing is had before one is finally deprived of property *(Parratt v Taylor,* 451 US 527, 541), and "[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate" *(Phillips v Commissioner,* 283 US 589, 596-597). Here, denial of property is not the result of an established State procedure but appears as the unauthorized act of a State employee and, thus, postdeprivation review is appropriate *(see, Hudson v Palmer,* 468 US 517; *Parratt v Taylor, supra).* Further, the facts in the instant case are undisputed and therefore no hearing is necessary *(see, Matter of Economico v Village of Pelham,* 50 NY2d 120). Accordingly, plaintiffs' due process rights were not violated.

Plaintiffs' claim of a violation of equal protection in their 42 USC § 1983 cause of action is also without merit. A complaint under 42 USC § 1983 based upon equal protection grounds requires proof of purposeful or invidious discrimination (see, *Lee v Washington County Bd. of Educ.*, 625 F2d 1235, 1237; *Whiting v Jackson State Univ.*, 616 F2d 116, 122). The complaint in the case at bar does not allege discriminatory intent, merely that defendants' actions were arbitrary and capricious. This is clearly insufficient.

Since plaintiffs have failed to establish that they have any valid claim under 42 USC § 1983, their claim for counsel fees was also properly rejected.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.