■ In the Matter of ROBERT M. CLARK, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—Judgment, Supreme Court, New York County (Kenneth L. Shorter, J.), entered December 1, 1989, which dismissed the CPLR

article 78 proceeding to review a determination of respondents terminating petitioner from his position as a probationary police officer based on the results of a random drug test, unanimously affirmed, without costs.

Petitioner sought a judgment vacating a determination of respondents terminating his services as a probationary New York City Housing Police officer after a laboratory analysis of a urine specimen taken during a random drug test showed the presence of cocaine metabolites. Petitioner had been notified at least three times that he would be subject to random drug tests during his probationary period. The record shows that the test was conducted and the samples collected, labeled and stored in compliance with all aspects of departmental procedures.

Petitioner now challenges the constitutionality of the random drug-testing procedures. While all public employees have some diminished expectations of privacy, "[t]he privacy expectations of police officers must be regarded as even further diminished by virtue of their membership in a paramilitary force, the integrity of which is a recognized and important State concern" *(Matter of Caruso v Ward,* 72 NY2d 432, 439). In *Caruso,* the Court of Appeals found that random drug testing for officers of the Organized Crime Control Bureau was constitutionally permissible since, *inter alia,* the government had a justifiable interest and responsibility in periodically testing officers who were exposed daily to drug users and traffickers. Random drug tests have also been upheld for all New York City correction officers because of the hazardous nature of their employment and to prevent a drug-impaired officer from harming fellow officers or others *(Matter of Seelig v Koehler,* 76 NY2d 87, *cert denied* — US —, 112 L Ed 2d 102). The policy reasons justifying random drug testing in the instant case are indistinguishable from earlier precedent.

Petitioner has also raised no issue requiring the need for an evidentiary hearing, as his assertions regarding errors in the collection and labeling of the urine specimen were based on mere conclusory allegations *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.