■ BERNARD WORREL, Appellant, v LEE BROWN, as Police Commissioner of the City of New York, et al., Respondents.— Determination of the respondent Police Commissioner, dated September 21, 1990, which dismissed petitioner from his posi-

tion as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Francis N. Pecora, J., entered May 10, 1991) is dismissed, without costs.

Petitioner, a veteran police officer, was dismissed from the Department after a random drug test detected the presence of cocaine in his urine. At the time of his dismissal, petitioner was a sergeant in the Department's Health Services Division (HSD), which, among other things, administers the Department's random drug testing.

Petitioner's random drug test was conducted pursuant to Interim Order No. 52, upheld as constitutional in *Toal v Ward* (NYLJ, Jan. 9, 1990, at 23, col 4), a case that is binding on petitioner because brought by his union *(Weisz v Levitt,* 59 AD2d 1002, 1003). Petitioner, however, argues that because he was not given 24-hour notification of the test, as provided in Interim Order No. 52, the testing procedure, as applied to him, was unconstitutional.

At the administrative hearing, HSD's commanding officer, who helped draft Interim Order No. 52, testified that HSD officers are called for testing on the first day they are available, with no advance notice given, in order to avoid claims that HSD gives its officers special preferences, and to foster the perceived and actual integrity of HSD's testing procedures. He also stated that the 24-hour notification period was included so that officers could make arrangements for carpooling to and from HSD, and allow for scheduling at the various precincts. This was not deemed necessary for officers working in HSD, since their assignment already placed them at the HSD testing location or satellite locations and the scheduling was done by HSD itself.

This testimony, and the text of Interim Order No. 52 itself, indicate clearly that members of the Police Department do not have a right to 24-hour notification before being tested for drugs. While application of the interim order may vary between HSD and non-HSD officers, it is consistent among the HSD group of officers, and the policy reasons for the difference between HSD and non-HSD officers justify the disparate treatment.

In both *Matter of Caruso v Ward* (72 NY2d 432), which upheld drug testing for applicants to the NYPD Organized Crime Control Bureau, and *Matter of Seelig v Koehler* (76 NY2d 87), which upheld mandatory random drug testing for

correction officers, the directive did not have a specific notice provision, and in both the court upheld the testing procedure as constitutional without requiring any specific prior notification of the test *(see also, Matter of Clark v New York City Hous. Auth.,* 168 AD2d 305, *appeal dismissed* 77 NY2d 938). The policy reasons for random drug testing in this case are indistinguishable from those in these prior cases.

The determination is supported by substantial evidence. The positive test results from the EMIT and the more accurate GCMS tests, along with the testimony of petitioner's commanding officer and the Director of the facility that administered the tests, constitute substantial evidence of petitioner's drug use *(Matter of Lahey v Kelly,* 71 NY2d 135, 143-144; *Matter of Jones v Ward,* 166 AD2d 323). Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.